United States District Court
Southern District of Texas
**ENTERED**
September 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JUAN HERNANDEZ, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | § CIVIL ACTION NO. 7:16-CV-627 |
| | § |
| SN SERVICING CORPORATION, *et al.*, | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

Plaintiffs initiated this civil action in state court asserting breach of contract, and also seeking to prevent the foreclosure of their home. (*See* Docket No. 1, at 1-2, 7-8.) When they initiated this action, Plaintiffs were represented by counsel, but they are now proceeding pro se. However, approximately one year after filing this action, Plaintiffs filed for bankruptcy, which automatically stayed this civil action. (Docket No. 19.) Given the lengthy stay, on July 5, 2024, the parties were ordered to update the Court on the status of this case. Plaintiffs did not respond to the Order, nor have they taken any other action to progress this case since 2017.

As discussed below, Plaintiffs have failed to prosecute this action, including failing to respond to the Court or take affirmative action in this case. Accordingly, this case will be closed based on Plaintiffs' failure to prosecute.

## I. BACKGROUND

In October 2016, Plaintiffs initiated this action seeking—primarily—to prevent the foreclosure of their residence, based allegedly on breach of contract. (Docket No. 1, at 1-2, 7-8.) Specifically, Plaintiffs' claims seem to be based on various deficiencies regarding the statutory requirements of notice. As relief, Plaintiffs seek to prevent the foreclosure of their property.

However, as noted, due to Plaintiffs entering bankruptcy proceedings this civil action was stayed in 2017.  (*See* Docket No. 19.)  In addition, around this same time, Plaintiffs counsel was allowed to withdraw, and Plaintiffs have been proceeding pro se ever since.  (*See* Docket Nos. 13, 17.)  Given the length of the stay, on July 5, 2024, Plaintiffs were ordered to "advise the Court as to the current status of this case." (Docket No. 22.)  Plaintiffs did not respond to the Court's order.  Furthermore, Plaintiffs have taken no affirmative action in this case since 2017 (over seven years).

## II.  ANALYSIS

Plaintiffs' action is subject to dismissal for failure to prosecute.  Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b).  Such a dismissal may be made upon motion by the opposing party or on the court's own motion.  *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Plaintiffs have failed to comply with the relevant rules and to prosecute this action.  Here, they have failed to respond to a Court order directing them to take minimal action to move this case forward.  Put simply, this action should be dismissed for failure to prosecute.  *See Torres v. Krueger*, 596 F. App'x 319, 321 (5th Cir. 2015) (In affirming the district court's dismissal of the action with prejudice, the Fifth Circuit noted the parties' failure to respond to the court's order.); *see also In re Wood*, 199 F. App'x 328, 333 (5th Cir. 2006) (the Fifth Circuit noted egregious delays of two years and seven years) (string citation omitted); *Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights

complaint where the plaintiff failed to comply with the court's order to pay a filing fee); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action sua sponte for failure to comply with court orders). Plaintiffs have failed to communicate with the Court in any meaningful way in over seven (7) years. Furthermore, Plaintiffs failed to respond to the last Court order, suggesting that they no longer wish to pursue this action.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' civil action is hereby DISMISSED for failure to prosecute.

SO ORDERED, this 24th day of September, 2024, at McAllen, Texas.

_____
NADIA S. MEDRANO
United States Magistrate Judge